The Honorable Grady J. Leupold

FILED _____ LODGED
RECEIVED
MAR 11 2024
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHAD GOODWIN,

Defendant.

NO. CR24-5057 DWC

**PLEA AGREEMENT**

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Elyne M. Vaught of the Western District of Washington, and CHAD GOODWIN and GOODWIN's attorney Mukund Rathi, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

1.    **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information: Delay or Destruction of Mail, as charged in Count One, in violation of Title 18, United States Code, Section 1703(b).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

Plea Agreement - 1
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.      **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

The elements of Delay or Destruction of Mail, as charged in Count One, are as follows:

*First*, Defendant knowingly opened or destroyed mail not directed to him; and

*Second*, Defendant did so without authority.

3.      **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

For the offense of Delay or Destruction of Mail as charged in Count One: A maximum term of imprisonment of up to one year, a fine of up to $100,000, a period of supervision following release from prison of up to one year, and a mandatory special assessment of $25. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Plea Agreement - 2
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant agrees that any monetary penalty the Court imposes, including the

2  special assessment, fine, costs, or restitution, is due and payable immediately and further

3  agrees to submit a completed Financial Disclosure Statement as requested by the United

4  States Attorney's Office.

5    **4.    Immigration Consequences**. Defendant recognizes that pleading guilty

6  may have consequences with respect to Defendant's immigration status if Defendant is

7  not a citizen of the United States. Under federal law, a broad range of crimes are grounds

8  for removal, and some offenses make removal from the United States presumptively

9  mandatory. Removal and other immigration consequences are the subject of a separate

10  proceeding, and Defendant understands that no one, including Defendant's attorney and

11  the Court, can predict with certainty the effect of a guilty plea on immigration status.

12  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

13  immigration consequences that Defendant's guilty plea may entail, even if the

14  consequence is Defendant's mandatory removal from the United States.

15    **5.    Rights Waived by Pleading Guilty**. Defendant understands that by

16  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

17        a.    The right to plead not guilty and to persist in a plea of not guilty;

18        b.    The right to a speedy and public trial before a jury of Defendant's

19  peers;

20        c.    The right to the effective assistance of counsel at trial, including, if

21  Defendant could not afford an attorney, the right to have the Court appoint one for

22  Defendant;

23        d.    The right to be presumed innocent until guilt has been established

24  beyond a reasonable doubt at trial;

25        e.    The right to confront and cross-examine witnesses against Defendant

26  at trial;

27

Plea Agreement - 3
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1           f.     The right to compel or subpoena witnesses to appear on Defendant's

2    behalf at trial;

3           g.     The right to testify or to remain silent at trial, at which trial such

4    silence could not be used against Defendant; and

5           h.     The right to appeal a finding of guilt or any pretrial rulings.

6         **6.**     **United States Sentencing Guidelines**. Defendant understands and

7    acknowledges that the Court must consider the sentencing range calculated under the

8    United States Sentencing Guidelines and possible departures under the Sentencing

9    Guidelines together with the other factors set forth in Title 18, United States Code,

10   Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the

11   history and characteristics of Defendant; (3) the need for the sentence to reflect the

12   seriousness of the offense(s), to promote respect for the law, and to provide just

13   punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

14   to criminal conduct; (5) the need for the sentence to protect the public from further

15   crimes of Defendant; (6) the need to provide Defendant with educational and vocational

16   training, medical care, or other correctional treatment in the most effective manner; (7)

17   the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

18   need to avoid unwarranted sentence disparity among defendants involved in similar

19   conduct who have similar records. Accordingly, Defendant understands and

20   acknowledges that:

21          a.     The Court will determine Defendant's Sentencing Guidelines range

22   at the time of sentencing;

23          b.     After consideration of the Sentencing Guidelines and the factors in

24   18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

25   maximum term authorized by law;

26          c.     The Court is not bound by any recommendation regarding the

27   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

Plea Agreement - 4
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 range offered by the parties or the United States Probation Department, or by any
2 stipulations or agreements between the parties in this Plea Agreement; and

3         d.       Defendant may not withdraw a guilty plea solely because of the
4 sentence imposed by the Court.

5         7.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or
6 guaranteed what sentence the Court will impose.

7         8.     **Statement of Facts**. The parties agree on the following facts. Defendant
8 admits Defendant is guilty of the charged offense:

9         a.       GOODWIN was employed by the United States Postal Service
10 ("USPS") as a full-time City Carrier at the East Vancouver Detached Carrier Unit
11 ("DCU") located in Clark County, Washington.

12         b.       Beginning on or about May 1, 2022, while employed as a City
13 Carrier and delivering mail, GOODWIN knowingly opened mail addressed to others,
14 rather than delivering it to the addresses on his route.

15         c.       On November 8, 2022, and November 16, 2022, GOODWIN
16 delivered mail in Long-Life Vehicle #0215717. Surveillance video recovered from inside
17 that vehicle for both dates showed GOODWIN opening pieces of mail from mail he was
18 to deliver and outbound mail he had collected along the route.

19         d.       On December 8, 2022, in an interview with agents with the USPS
20 Office of Inspector General, GOODWIN acknowledged stealing mail over the past
21 several months. GOODWIN opened primarily greeting cards and threw away anything
22 but cash. GOODWIN would typically put the stolen mail in his lunch bag and then throw
23 it away at the 7-11 store across the street from the DCU at the end of his shift.

24         e.       GOODWIN estimates on the days he did steal mail, he likely opened
25 5-7 pieces of mail not addressed to him.

26         f.       GOODWIN estimates stealing between $100 and $200 in cash total.

27

Plea Agreement - 5
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          g.        None of the mail opened and discarded by GOODWIN was

2   addressed to GOODWIN. The mail was entrusted to GOODWIN to be delivered to the

3   addresses on his delivery route. GOODWIN did not have authority to open and/or discard

4   the mail.

5          The parties agree that the Court may consider additional facts contained in the

6   Presentence Report (subject to standard objections by the parties) and/or that may be

7   presented by the United States or Defendant at the time of sentencing, and that the factual

8   statement contained herein is not intended to limit the facts that the parties may present to

9   the Court at the time of sentencing.

10         9.        **Sentencing Factors.** The parties agree that the following Sentencing

11  Guidelines provisions apply to this case:

12         a.        A base offense level of 6, pursuant to USSG § 2B1.1(a)(2);

13         b.        A two-level increase to the base offense level because the offense

14  involved 10 or more victims, pursuant to USSG § 2B1.1(b)(2)(A); and

15         c.        An additional two-level increase to the base offense level because

16  Defendant was an employee of the United States Postal Service who engaged in the theft

17  and destruction of undelivered United States mail, pursuant to USSG § 3B1.3.

18         The parties agree they are free to present arguments regarding the applicability of

19  all other provisions of the United States Sentencing Guidelines. Defendant understands,

20  however, that at the time of sentencing, the Court is free to reject these stipulated

21  adjustments, and is further free to apply additional downward or upward adjustments in

22  determining Defendant's Sentencing Guidelines range.

23         10.       **Early Application of Proposed Sentencing Guidelines Amendments to**

24  **USSG § 4C1.1 (Zero-Point Offender) and USSG § 4A1.1 (Status Points).** Defendant

25  may seek to benefit now from published proposed Amendments to the Sentencing

26  Guidelines that are favorable to defendants, but which are not scheduled to go into effect

27  until November 2023. Specifically, Defendant may seek to be sentenced as a Zero-Point

Plea Agreement - 6
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Offender, pursuant to published proposed Amendments to USSG § 4C1.1. Among other

2    benefits, the Amendments would award a two-offense-level reduction for defendants who

3    score zero criminal history points and meet all other criteria listed under USSG

4    § 4C1.1(a)(1)-(10). In addition, Defendant may seek to take early advantage of proposed

5    changes to how criminal history status points are assessed under USSG § 4A1.1(d). The

6    Amendments would assess only one criminal history point (instead of two) for

7    commission of the instant offense while under a criminal justice sentence, and otherwise

8    narrow the eligibility for that point. The Sentencing Commission has indicated it may

9    make these Amendments retroactively applicable. Considering these expected revisions,

10   during the interim period between now and the effective date, so long as these

11   Amendments remain pending enactment but are not yet effective, the parties agree as

12   follows:

13         a.    The parties have no agreement as to whether Defendant qualifies as

14   a Zero-Point Offender or qualifies for criminal history status points. Both parties are free

15   to litigate their position on these issues in connection with sentencing. If the Court is

16   inclined to sentence Defendant consistently with these proposed Amendments, the Court

17   first must calculate the total offense level, criminal history category, and applicable

18   sentencing range under the current version of the Sentencing Guidelines.

19         b.    After that, if the Court determines that Defendant meets all criteria

20   to qualify as a Zero-Point Offender under the proposed Amendments to USSG § 4C1.1,

21   the United States will not object to the Court granting a two-level downward variance

22   from the otherwise-applicable total offense level and otherwise treating Defendant as a

23   Zero-Point Offender consistent with the proposed Amendments to USSG § 4C1.1 and

24   Application Notes.

25         c.    If the Court determines that Defendant is eligible to benefit from the

26   revised criteria for calculation of status points under the proposed Amendments to USSG

27   § 4A1.1(d), the United States will not object to the Court granting a variance from the

Plea Agreement - 7
*United States v. Goodwin*, CR24-5057DWC

1  otherwise-applicable criminal history category and treating Defendant as if they had
2  fewer criminal history points, consistent with the proposed Amendments.

3          d.      Defendant agrees that if the Court grants Defendant the benefit of
4  early application of these proposed Amendments to USSG § 4C1.1 and/or § 4A1.1 at
5  sentencing, then Defendant agrees that Defendant is not eligible for, and will not request,
6  a post-conviction sentence reduction on the same basis, either on direct appeal or in any
7  post-conviction motion, if and when the Amendments go into retroactive effect.

8          e.      Defendant further acknowledges that if the Court explicitly finds that
9  Defendant does not qualify for a sentencing benefit under these proposed Amendments to
10  USSG § 4C1.1 and/or § 4A1.1, Defendant waives any right to appeal that denial on direct
11  appeal or in a collateral attack or post-conviction motion pursuant to 28 U.S.C. § 2255, as
12  further described in the paragraph of this Plea Agreement entitled "Waiver of Appellate
13  Rights and Rights to Collateral Attack."

14      11.     **Employment.** Defendant agrees not to seek future employment with the
15  United States Postal Service.

16      12.     **Acceptance of Responsibility.** At sentencing, *if* the Court concludes
17  Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant
18  to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will
19  make the motion necessary to permit the Court to decrease the total offense level by three
20  (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the
21  United States by timely notifying the United States of Defendant's intention to plead
22  guilty, thereby permitting the United States to avoid preparing for trial and permitting the
23  Court to allocate its resources efficiently.

24      13.     **Abandonment of Contraband**. Defendant also agrees that, if any federal
25  law enforcement agency seized any illegal contraband that was in Defendant's direct or
26  indirect control, Defendant consents to the federal administrative disposition, official use,
27  and/or destruction of that contraband.

14.    **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services

Plea Agreement - 9
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

2  to file additional charges against Defendant or to seek a sentence that takes such conduct

3  into consideration by requesting the Court to apply additional adjustments or

4  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

5  advisory Guidelines range, and/or by seeking an upward departure or variance from the

6  calculated advisory Guidelines range. Under these circumstances, the United States is

7  free to seek such adjustments, enhancements, departures, and/or variances even if

8  otherwise precluded by the terms of the Plea Agreement.

9       16.    **Restitution.** Defendant agrees that the Court can order Defendant to pay

10  restitution to the victims of Defendant's crimes and, in exchange for the agreements by

11  the United States contained in this Plea Agreement, Defendant agrees that restitution in

12  this case should not be limited to the offense(s) of conviction. Defendant is aware that the

13  United States will present evidence supporting an order of restitution for all losses caused

14  by all of Defendant's criminal conduct known to the United States at the time of

15  Defendant's guilty plea(s) to include those losses resulting from crimes not charged or

16  admitted by Defendant in the Statement of Facts including stealing money from mail

17  addressed to the victims. In exchange for the promises by the United States contained in

18  this Plea Agreement, Defendant agrees that Defendant will be responsible for any order

19  by the District Court requiring the payment of restitution for such losses.

20       a.    The full amount of restitution shall be due and payable immediately

21  on entry of judgment and shall be paid as quickly as possible. If the Court finds that the

22  defendant is unable to make immediate restitution in full and sets a payment schedule as

23  contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

24  represents a minimum payment obligation and does not preclude the U.S. Attorney's

25  Office from pursuing any other means by which to satisfy the defendant's full and

26  immediately-enforceable financial obligation, including, but not limited to, by pursuing

27

Plea Agreement - 10
*United States v. Goodwin*, CR24-5057DWC

1   assets that come to light only after the district court finds that the defendant is unable to

2   make immediate restitution.

3                b.       Defendant agrees to disclose all assets in which Defendant has any

4   interest or over which Defendant exercises control, directly or indirectly, including those

5   held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the

6   United States' investigation identifying all property in which Defendant has an interest

7   and with the United States' lawful efforts to enforce prompt payment of the financial

8   obligations to be imposed in connection with this prosecution. Defendant's cooperation

9   obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

10  Agreement, truthfully and completely executing a Financial Disclosure Statement

11  provided by the United States Attorney's Office and signed under penalty of perjury

12  regarding Defendant's and Defendant's spouse's financial circumstances and producing

13  supporting documentation, including tax returns, as requested; (2) providing updates

14  with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within

15  seven days of the event giving rise to the changed circumstances; (3) authorizing the

16  United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

17  providing waivers, consents or releases requested by the U.S. Attorney's Office to access

18  records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

19  inspect and copy all financial documents and information held by the U.S. Probation

20  Office; (6) submitting to an interview regarding Defendant's Financial Statement and

21  supporting documents before sentencing (if requested by the United States Attorney's

22  Office), and fully and truthfully answering questions during such interview; and (7)

23  notifying the United States Attorney's Office before transferring any interest in property

24  owned directly or indirectly by Defendant, including any interest held or owned in any

25  other name, including all forms of business entities and trusts.

26

27

Plea Agreement - 11
*United States v. Goodwin*, CR24-5057DWC

1        c.      The parties acknowledge that voluntary payment of restitution prior
2 to the adjudication of guilt is a factor the Court considers in determining whether
3 Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

4      17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**
5 Defendant acknowledges that, by entering the guilty plea required by this Plea
6 Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any
7 pretrial rulings of the Court, and any rulings of the Court made prior to entry of the
8 judgment of conviction. Defendant further agrees that, provided the Court imposes a
9 custodial sentence that is within or below the Sentencing Guidelines range (or the
10 statutory mandatory minimum, if greater than the Guidelines range) as determined by the
11 Court at the time of sentencing, Defendant waives to the full extent of the law:

12      a.      Any right conferred by Title 18, United States Code, Section 3742,
13 to challenge, on direct appeal, the sentence imposed by the Court, including any fine,
14 restitution order, probation or supervised release conditions, or forfeiture order (if
15 applicable); and

16      b.      Any right to bring a collateral attack against the conviction and
17 sentence, including any restitution order imposed, except as it may relate to the
18 effectiveness of legal representation.

19      This waiver does not preclude Defendant from bringing an appropriate motion
20 pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or
21 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

22      If Defendant breaches this Plea Agreement at any time by appealing or collaterally
23 attacking (except as to effectiveness of legal representation) the conviction or sentence in
24 any way, the United States may prosecute Defendant for any counts, including those with
25 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea
26 Agreement.
27

Plea Agreement - 12
*United States v. Goodwin*, CR24-5057DWC

1     18.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into

2 this Plea Agreement freely and voluntarily, and that no threats or promises were made to

3 induce Defendant to enter a plea of guilty other than the promises contained in this Plea

4 Agreement or set forth on the record at the change of plea hearing in this matter.

5     19.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by

6 the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement,

7 the statute of limitations shall be deemed to have been tolled from the date of the Plea

8 Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

9 Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

10 the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

11 //

12 //

13 //

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Plea Agreement - 13
*United States v. Goodwin*, CR24-5057DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 11th day of March, 2024.

CHAD GOODWIN
Defendant

MUKUND RATHI
Attorney for Defendant

AMY JAQUETTE                For
Assistant United States Attorney

ELYNE M. VAUGHT
Assistant United States Attorney